No. 50720.—Protests 99297–K, etc., of J. F. Starkey & Co. (New York).

KEEFE, Judge: The merchandise in this case consists of two shipments of graphite or plumbago from Ceylon. The plaintiff limits its claims to 286 bags of "85% Carbon Chips Plumbago" covered by entry 736118 and 858 bags covered by entry 744610. Duty was assessed upon the graphite at 15 percent ad valorem as crystalline chip graphite under paragraph 213, Tariff Act of 1930, as modified by the trade agreement with the United Kingdom, T. D. 49753. The plaintiff claims that the merchandise is properly dutiable at 5 percent ad valorem as "amorphous graphite" under the same paragraph, as amended.

At the trial the plaintiff, J. F. Starkey, testified that the graphite in question is taken in large lumps from a mine owned by C. H. Z. Fernando & Co., the shipper herein; that it is crushed by mechanical processes and emerges from such processing

in various shapes, the larger known as lump, the middle sizes as chip, and the smaller as dust; that the dust passing through a 60-mesh screen is known as fine dust; and that all of these sizes of graphite come from the same vein and are similar in quality except that the carbon content may vary. He further testified that this particular shipper owns but this one mine; that the graphite therein is all amorphous; and that, as a matter of fact, crystalline graphite veins had never been discovered in this particular mine.

Various samples of graphite were admitted in evidence. Exhibits 1 and 2 represent the official samples of the merchandise in question which were submitted to tests in the United States Customs Laboratory. Illustrative exhibit A is a sample of crystalline graphite, and in illustrative exhibit B are three samples of the graphite covered by entry 744610 which were forwarded to the plaintiff from the S. Obermeyer Co., a foundry facing supply house, manufacturers of foundry facings.

The plaintiff tested these various samples by the hammer method of crushing and through visual examination. From tests and such examination, he testified that the products were of the class known in the trade as amorphous graphite. He further testified that the graphite here in question was taken from the same mine as that the subject of decision in the case of *Starkey* v. *United States*, 6 Cust. Ct. 118, C. D. 444, and except for its form and carbon content was the same as the graphite in that case. The record in that case was admitted in evidence in this case over objection of the Government.

At the bottom of each of the invoices involved herein there appears the following notation: "This plumbago is not classified as XB, B, BE." The plaintiff stated that there were three crucible grades of crystalline graphite produced in Ceylon, which are represented in the trade by the letters XB, B, and BE, and that the graphite imported herein is of a class which is excluded from the crystalline graphite used in the manufacture of crucibles.

The examiner of the merchandise and three chemists testified for the Government. According to the laboratory tests conducted by the chemists and their personal opinion of the class to which the graphite in question belongs, it was properly classified by the collector as crystalline graphite.

In the *Starkey* case, *supra*, several witnesses testified on behalf of the plaintiff and the Government as to the commercial meaning of the terms "amorphous" and "crystalline" in the graphite trade in the United States. Considering such testimony in that case the court concluded as follows:

We are of the opinion that the evidence submitted by the plaintiffs unquestionably establishes that the imported material is embraced within the tariff designation of amorphous graphite, and that Congress, in using the term "amorphous," had in mind the trade terminology of that class of graphite known as "amorphous" in the trade, to wit, the class of graphite which would be readily reduced to a powder by commercial grinding methods, as distinguished from a graphite which could not be so readily reduced.

From the record before us, we are of the opinion that the merchandise herein is the same in all material respects as the merchandise in the incorporated case, and the testimony before us here tends to strengthen the importer's contention that "amorphous graphite" is that class of graphite readily reduced to a powder by commercial grinding methods.

Judgment will therefore be entered in favor of the plaintiff directing the collector to reliquidate the entries and make refund accordingly.